1   Eric R. Lamison (Bar No. 178262)
    Benjamin R. Ostapuk (Bar No. 194364)
2   KIRKLAND & ELLIS LLP
    333 Bush Street, 26th Floor
3   San Francisco, California  94104
    Telephone:     (415) 439-1400
4   Facsimile:     (415) 439-1500

5   Attorneys for Defendant
    HONEYWELL INTERNATIONAL INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  AQUATRON CORPORATION, a Florida       Case No. C 03-0724 PJH
    corporation,
13                                        **DEFENDANT'S NOTICE OF MOTION
                                          AND MOTION TO DISMISS AND/OR
14           Plaintiff,                    STRIKE ALLEGATIONS IN PLAINTIFF'S
                                          FIRST AMENDED COMPLAINT;
15       v.                               MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT THEREOF**
16  HONEYWELL INTERNATIONAL, INC., a
    Delaware corporation (formerly known as   Date:  August 27, 2003
17  Honeywell, Inc.),                         Time:  9:00 a.m.
                                              Courtroom:  3, 17th Floor
18           Defendant.                       Judge:  Hon. Phyllis J. Hamilton

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................................1

CONCISE STATEMENT OF THE RELIEF SOUGHT BY RACKABLE....................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

I.      INTRODUCTION ..............................................................................................2

II.     STATEMENT OF THE ISSUES TO BE DECIDED............................................3

III.    STATEMENT OF FACTS ..................................................................................4

IV.     ARGUMENT .......................................................................................................6

        A.      The Legal Standards Applicable To Honeywell's Motion .......................6

                1.      Honeywell's Motion To Dismiss ...............................................6

                2.      Honeywell's Motion To Strike ..................................................7

        B.      Aquatron's Lanham Act Claim Should Be Dismissed Because It Is Based On
                Truthful "Advertising".........................................................................7

        C.      The Court Should Dismiss Aquatron's State Law Claims Because They Are
                Based On Truthful "Advertising" .......................................................10

                1.      The Court Should Dismiss The Trade Libel Claim Because It Relies
                        Upon The Same Specific, Non-Actionable Conduct That Underlies
                        The Lanham Act Claim.............................................................11

                2.      The Court Should Dismiss The Tortious Interference Claims Because
                        They Rely Upon The Same Specific, Non-Actionable Conduct That
                        Underlies The Lanham Act Claim ............................................11

                3.      The Court Should Dismiss The Sherman Food, Drug And Cosmetics
                        Act Claim Because It Relies Upon The Same Specific, Non-
                        Actionable Conduct That Underlies The Lanham Act Claim...................12

                4.      The Court Should Dismiss The Unfair Competition Law Claims
                        Because They Rely Upon The Same Specific, Non-Actionable
                        Conduct That Underlies All Other Claims................................13

                5.      Alternatively, With Aquatron's Lanham Act Claim Dismissed, The
                        Court May Decline Supplemental Jurisdiction ..........................15

        D.      Additional Reasons Why Aquatron's Third, Fourth And Eighth State Law
                Causes Of Action Should Be Dismissed................................16

1.     Aquatron's Trade Libel Claim Should Be Dismissed For Failing To Plead Special Damages As Required ......................................................16

2.     Aquatron's Intentional Interference With Business Relations Claim Should Be Dismissed For Failing To Allege Any Contract, Let Alone *Actual* Breach ..........................................................................17

3.     The Court Should Dismiss The Sherman Act Claim Because The Statute Provides No Private Right Of Action And Does Not Govern Statements About Another's Product ..............................................17

E.     The Court Should Strike Improper Claims For Restitution And Damages ..........19

1.     The Court Should Strike Restitution Claims That Aquatron Pleaded Under Its Unfair Competition Claims ......................................19

2.     The Court Should Strike Damages, Restitution And Punitive Damages Claims That Aquatron Pleaded Under The Sherman Act .........................20

V.     CONCLUSION ..........................................................................................21

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aetna Casualty & Surety Co. v. Centennial Insurance Co.,
    838 F.2d 3346 (9th Cir. 1988) ................................................................11

America Express Travel Related Services Co., Inc. v. MasterCard Int'l Inc.,
    776 F. Supp. 787 (S.D.N.Y. 1991) ...........................................................10

Associated General Contractors of Calif. v. Calif. State Council of Carpenters,
    459 U.S. 519 (1983) .................................................................................6

Baymiller v. Guarantee Mut. Life Co.,
    2000 WL 33774562 (C.D. Cal. Aug. 3, 2000) ...........................................14

Broam v. Bogan,
    320 F.3d 1023 (9th Cir. 2003) ...................................................................6

Bureerong v. Uvawas,
    922 F. Supp. 1450 (C.D. Cal. 1996) ...........................................................7

In re Circuit Breaker Litigation,
    984 F. Supp. 1267 (C.D. Cal. 1997) ..........................................................12

City of Chicago v. International College of Surgeons,
    522 U.S. 156 (1997) ................................................................................15

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,
    911 F.2d 242 (9th Cir. 1990) .....................................................................8

In re County of Orange,
    245 B.R. 138 (C.D. Cal. 1997) ...................................................................6

Cox v. Depuy Motech, Inc.,
    2000 WL 1160486 (S.D. Cal. Mar 29, 2000) .............................................18

Cross v. Board of Sup'rs of San Mateo County,
    326 F. Supp. 634 (N.D. Cal. 1968) .............................................................18

Daly v. Viacom, Inc.,
    238 F. Supp. 2d 1118 (N.D. Cal. 2002) ......................................................14

Fantasy, Inc. v. Fogerty,
    984 F.2d 1524 (9th Cir. 1993) .....................................................................7

In re GVF Cannery, Inc.,
    202 B.R. 140 (N.D. Cal. 1996) ..................................................................18

Ginochio v. Surgikos, Inc.,
    864 F. Supp. 948 (N.D. Cal. 1994) ..................................................................18

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2nd Cir. 1995) ...................................................................7, 10, 13

Lazar v. Trans Union LLC,
    195 F.R.D. 665 (C.D. Cal. 2000)......................................................................7

Little v. Depuy Motech, Inc.,
    2000 WL 1519962 (S.D. Cal. June 13, 2000) ................................................18

Microtec Research, Inc. v. Nationwide Mutual Insurance Co.,
    40 F.3d 968 (9th Cir. 1994) ......................................................................11, 16

Navarro v. Block,
    250 F.3d 729 (9th Cir. 2001) ...........................................................................6

Nurse v. U.S.,
    226 F.3d 996 (9th Cir. 2000) ............................................................................7

Pacific Trading Co. v. Wilson & Co., Inc.,
    547 F.2d 367 (7th Cir. 1976) ..........................................................................18

Pfizer, Inc. v. Miles, Inc.,
    868 F. Supp. 437 (D. Conn. 1994) ..................................................................10

Plessinger v. Castleman and Haskell,
    838 F. Supp. 448 (N.D. Cal. 1993)..................................................................17

Rosco, Inc. v. Mirror Lite Co.,
    304 F.3d 1373 (Fed. Cir. 2002) .........................................................................8

S.E.C. v. Sands,
    902 F. Supp. 1149 (C.D. Cal. 1995)..................................................................7

Salei v. Boardwark Regency Corp.,
    913 F. Supp. 993 (E.D. Mich. 1996) ...............................................................15

Schmier v. U.S. Court of Appeals for Ninth Circuit,
    279 F.3d 817 (9th Cir. 2002) ............................................................................6

Semi-Tech Litigation LLC v. Bankers Trust Co.,
    234 F. Supp. 2d 297 (S.D.N.Y. 2002) .............................................................15

Sprewell v. Golden State Warriors,
    266 F.3d 979 (9th Cir. 2001) ............................................................................6

Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.,
    922 F. Supp. 299 (C.D. Cal. 1996) .............................................................14, 18

Tapley v. Lockwood Green Eng'rs, Inc.,
    502 F.2d 559 (8th Cir. 1974) .......................................................................7

Thomas v. Farley,
    31 F.3d 557 (7th Cir. 1994) ..................................................6, 7, 10, 12, 13

United Mine Workers of America v. Gibbs,
    383 U.S. 715 (1966) ...............................................................................15

Vondran v. McLinn,
    1995 WL 415153 (N.D. Cal. July 5, 1995) .................................................11, 16

Woodruff v. Mueller,
    2003 WL 21002882 (N.D. Cal. March 26, 2003).............................................6

**STATE CASES**

Bank of the West v. Superior Court,
    2 Cal. 4th 1254 (1992) ...........................................................................19

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,
    20 Cal. 4th 163 (1999) ...........................................................................19

Committee On Children's Television, Inc. v. General Foods Corp.,
    35 Cal. 3d 197 (1983) .................................................................12, 17, 18

Day v. AT&T Corp.,
    63 Cal. App. 4th 325 (1st Dist. 1998).........................................................15

Downing v. California State Board Of Pharmacy,
    85 Cal. App. 2d 30 (1st Dist. 1948) ...........................................................19

Erlich v. Etner,
    224 Cal. App. 2d 69 (2nd Dist. 1964) .......................................................11, 16

Kievlan v. Dahlberg Electronics, Inc.,
    78 Cal. App. 3d 951 (1st Dist. 1978)........................................................18, 19

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal. 4th 1134 (2003)..........................................................................20

Kraus v. Trinity Management Services, Inc.,
    23 Cal. 4th 116 (2000) ...........................................................................19

Morris v. Municipal Court of City and County of San Francisco,
    110 Cal. App. 2d 269 (1st Dist. 1952)........................................................19

Pacific Gas & Electric Co. v. Bear Stearns & Co.,
    50 Cal. 3d 1118 (1990) ...........................................................................17

People v. McKale,
    25 Cal. 3d 626 (1979) ...................................................................................14

People v. Orange County Charitable Services,
    73 Cal. App. 4th 1054 (4th Dist. 1999) .........................................................13

Savage v. Pacific Gas & Electric Co.,
    21 Cal. App. 4th 434 (1st Dist. 1993).............................................................12

**FEDERAL STATUTES**

15 U.S.C. § 1125 .............................................................................................7, 8

28 U.S.C. § 1367 .................................................................................................15

Fed. R. Civ. P. 9(g) .............................................................................................16

Fed. R. Civ. P. 12 .................................................................................................4

Fed. R. Civ. P. 12(b) .........................................................................................1, 6

Fed. R. Civ. P. 12(f) ...................................................................................1, 20, 21

**STATE STATUTES**

Cal. Health & Safety Code § 26463(m) .............................................................18

Cal. Health & Safety Code § 109910 ............................................................18, 21

Cal. Health & Safety Code § 110390 ............................................................12, 17

Cal. Health & Safety Code § 111825 ............................................................18, 20

Cal. Health & Safety Code § 111835 ..................................................................20

Cal. Health & Safety Code § 111855 .........................................................18, 20, 21

Cal. Health & Safety Code § 111915 .........................................................18, 20, 21

**OTHER AUTHORITIES**

5A Charles A. Wright & Arthur R. Miller, Fed Practice & Proc. § 1363 (2d ed. 1990)........6, 10

4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition
    § 27:24 (2001) ...............................................................................................8

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 27, 2003 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of The Honorable Phyllis J. Hamilton, defendant Honeywell International Inc. ("Honeywell") will and hereby does move this Court, under Federal Rules of Civil Procedure 12(b) and (f), for an order dismissing certain causes of action for failure to state a claim upon which relief can be granted and for a resulting lack of supplemental jurisdiction, or striking certain improper relief allegations from plaintiff Aquatron Corporation's ("Aquatron") First Amended Complaint.

This motion is made pursuant to Rules 12(b) and (f) of the Federal Rules of Civil Procedure. This motion is based on Honeywell's Memorandum of Points and Authorities, Honeywell's anticipated reply memorandum, any argument presented at the hearing on this motion, and such matters of which this Court may take judicial notice.  This motion is also made pursuant to the Order and stipulation of the parties providing Honeywell until July 18, 2003, to "answer or otherwise respond" to the First Amended Complaint.

## CONCISE STATEMENT OF THE RELIEF SOUGHT BY HONEYWELL

Honeywell asks the Court to dismiss all causes of action other than the patent infringement claim from Aquatron's First Amended Complaint.  All seven non-patent claims are predicated on alleged "advertising" that, according to Aquatron's own specific allegations, was truthful. Alternatively, if Aquatron's Lanham Act cause of action is dismissed, the Court may simply decline to exercise discretionary supplemental jurisdiction over Aquatron's state law claims, which do not share a common nucleus of operative fact with Aquatron's one patent infringement cause of action.

On independent grounds, Honeywell asks the Court to: (i) dismiss Aquatron's trade libel cause of action for failure to allege special damages; (ii) dismiss Aquatron's intentional interference with business relations cause of action for failure to allege any contract, let along breach, as required; and (iii) dismiss Aquatron's Sherman Food, Drug and Cosmetic Act claim with prejudice because that Act is a regulatory act providing no private right of action.  Further, the Act regulates the accuracy of statements a company makes about the characteristics of its own devices and does

not apply to "advertising" about devices of alleged competitors.

In the alternative, Honeywell asks the Court to strike the following improper claims for relief from Aquatron's First Amended Complaint because they are not recoverable as a matter of law: (i) the restitution claim in Aquatron's unfair competition causes of action because Aquatron has not alleged that it gave money or property to Honeywell; and (ii) the damages, restitution and punitive damages claims in Aquatron's Sherman Food, Drug and Cosmetic Act cause of action because the governing statute provides only criminal penalties and fines.  (The limited nature of the Sherman Act remedies confirms that it is not a statute providing for suits by private litigants.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Aquatron's First Amended Complaint alleges one count of patent infringement against Honeywell.  Concurrently herewith, Honeywell has answered that claim, denying infringement and asserting affirmative defenses, including the invalidity of the patent.  However, in addition to its one patent cause of action, Aquatron's First Amended Complaint includes a kitchen sink of claims, all of which stem from alleged Honeywell "advertising" that is never alleged to be wrong.  These seven add-on causes of action -- a Lanham Act claim and six state law claims -- are the subject of Honeywell's present motion.

Every one of these causes of action is specifically predicated upon the same truthful statements, which were not alleged to be false in light of Aquatron's specific allegations.  This truthful "advertising" cannot give rise to liability.  Further, additional reasons exist that warrant the dismissal of Aquatron's trade libel, intentional interference with business relations and California Sherman Food, Drug and Cosmetic Act claims.  Alternatively, given that Aquatron's Lanham Act claim should be dismissed, the Court may decline to exercise supplemental jurisdiction over Aquatron's six state law claims, none of which share a common nucleus of operative fact with Aquatron's patent infringement cause of action.

If the claims are not dismissed, the Court should strike improper remedies sought by Aquatron's unfair competition and Sherman Food, Drug and Cosmetic Act claims.  No legal basis

exists for the restitution and punitive damages claims alleged in paragraphs 50, 54, 59 and 60. Honeywell would be prejudiced and resources wasted by defending legally baseless claims.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

Should the Court dismiss Aquatron's false advertising Lanham Act claim, which fails to allege falsity in light of the specific facts alleged?

Should the Court dismiss Aquatron's state law claims, where each of those claims is predicated on the dissemination of "advertising" which is not alleged to be false in light of the specific facts alleged?

Alternatively, if the Court dismisses the Lanham Act claim, should the Court exercise supplemental jurisdiction over Aquatron's state law claims, which do not share a common nucleus of operative fact with Aquatron's patent infringement cause of action, at the beginning of the action where no considerations of judicial economy weigh in favor of jurisdiction?

Should the Court dismiss Aquatron's trade libel cause of action for failure to allege special damages, where such allegations are required and must be pleaded with particularity?

Should the Court dismiss Aquatron's intentional interference with business relations cause of action for failure to allege that any contract was interfered with, let alone breached, where those are required elements of the claim?

Should the Court dismiss Aquatron's Sherman Food, Drug and Cosmetic Act claim because (i) there is no private right of action under that regulatory Act; and (ii) it does not apply to statements about the products of another, but instead applies only to allegedly false statements about one's own product?

Should the Court strike the restitution claim in Aquatron's unfair competition causes of action where Aquatron has not alleged that it gave money or property to Honeywell?

Should the Court strike the damages, restitution and punitive damages claims in Aquatron's Sherman Food, Drug and Cosmetic Act cause of action, where the governing statute provides only for criminal penalties and fines collectable by the government?

III.    **STATEMENT OF FACTS**[1]

Aquatron, a Florida company, filed its original complaint in this action on February 20, 2003, but never served it.  Months later, on May 6, 2003, Aquatron filed its First Amended Complaint (the "Complaint").  Aquatron's Complaint alleges causes of action for: (1) infringement of U.S. Patent No. 5,894,130 (the '130 patent"); (2) violation of the Lanham Act, 15 U.S.C. § 1125; (3) trade libel; (4) interference with business relations; (5) interference with prospective economic advantage; (6) California Business and Professions Code § 17200 (unfair competition); (7) California Business and Professions Code § 17500 (false advertising); and (8) violation of the Sherman Food, Drug & Cosmetic Act, California Health and Safety Code § 110390.

Aquatron sells a device that uses ultraviolet radiation to treat airborne materials.  Complaint at ¶ 19.  Honeywell is one of a number of companies that sells air treatment products, including products that use ultraviolet radiation.  Concurrently herewith, Honeywell submits its answer to the Complaint's first cause of action.  Honeywell denies that its products infringe the '130 patent and asserts, among other things, that the '130 patent is invalid.  Aquatron's first cause of action is not subject to the present motion.

In addition to a patent infringement claim, Aquatron has alleged a federal Lanham Act claim and six state law claims based on alleged Honeywell "advertising" that compared a Honeywell air treatment product with an Aquatron Air Pal product on the basis of efficiency and cost.  Complaint at ¶ 20.

With respect to the alleged "advertising," which is the same underlying basis for every one of Aquatron's seven non-patent claims, Aquatron alleges that "[t]he Honeywell advertising includes a chart reflecting that the Honeywell Premium product supposedly operates at approximately an 88% efficiency level of killing bacteria and viruses and that the 'Air Pal' ultraviolet air purification device

---

[1]   In accordance with the legal standard for evaluating a motion to dismiss or motion to strike under Federal Rule of Civil Procedure 12, Honeywell must accept as true the allegations in Aquatron's Complaint for the limited purposes of this motion.  Honeywell does ***not*** admit that any such facts are true.

supposedly only operates at a 40% efficiency level." Complaint at ¶ 20. Aquatron *never* alleges that the cited figure for the efficiency of the Honeywell product is false or incorrect. Complaint, <u>passim</u>. Aquatron *never* alleges that the cited figure for the efficiency of the Air Pal device is false or incorrect with respect to the compared products. <u>Id.</u> Aquatron *never* alleges that Honeywell's comparison lacks supporting tests. <u>Id.</u>

Aquatron states that the "Honeywell advertising contains a second chart that claims that the Honeywell product offers a 'better cost/performance' value than the Air Pal product." Complaint at ¶ 20. Aquatron *never* alleges that Honeywell's claim is false with respect to the compared products. Complaint, <u>passim</u>. Aquatron *never* alleges that Honeywell's comparison lacks factual support. <u>Id.</u>

Instead, Aquatron very specifically pleads that all seven of these causes of action are based solely on its contention that Honeywell should have compared a different Air Pal product than the one referenced in the alleged "advertisement." Aquatron specifically pleads that the underlying basis for all of its false and misleading advertising-based claims is that Honeywell compared its dual bulb product with the 7 1/2-inch U-shaped bulb Air Pal product, rather than with a 14 inch dual bulb Air Pal product. Complaint at ¶ 21.

This specific allegation reduces Aquatron's seven claims to a complaint that Honeywell did not compare its product with the Aquatron Air Pal product that Aquatron would have chosen for comparison. Aquatron's specific allegation *admits* that Honeywell *did* in fact compare its product with an Aquatron Air Pal product. Aquatron's specific allegation does *not* allege that Honeywell's "advertising" incorrectly reported the results of that comparison. Aquatron's specific allegation does *not* claim that Honeywell's "advertising" misidentified the Aquatron Air Pal product compared. Aquatron's specific allegation does *not* claim that Honeywell's "advertising" indicated that Aquatron had no other product. Based on this same alleged conduct -- comparing Honeywell's product to an Aquatron Air Pal product and reporting accurate results -- Aquatron attempts to assert a Lanham Act false advertising claim and six California state law claims.

1

## IV.   **ARGUMENT**

2

    **A.**    **The Legal Standards Applicable To Honeywell's Motion**

3

        **1.**    **Honeywell's Motion To Dismiss**

4

On a motion under Federal Rule of Civil Procedure 12(b)(6), the court must decide whether

5

the facts alleged in the complaint, if true, would entitle the plaintiff to a legal remedy.  A Rule

6

12(b)(6) dismissal is proper where there is no cognizable legal theory or insufficient facts alleged to

7

support a cognizable legal theory.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  In

8

evaluating a 12(b)(6) motion, the court construes the complaint in the light most favorable to the

9

plaintiff.  <u>Schmier v. U.S. Court of Appeals for Ninth Circuit</u>, 279 F.3d 817, 820 (9th Cir. 2002).

10

The court must accept as true all material allegations in the complaint, as well as reasonable

11

inferences to be drawn therefrom.  <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003).

12

However, the court need not accept as true conclusory allegations, legal characterizations or

13

unreasonable inferences or unwarranted deductions of fact.  <u>Sprewell v. Golden State Warriors</u>, 266

14

F.3d 979, 988 (9th Cir. 2001) (court not required to accept as true allegations that are merely

15

conclusory, unwarranted deductions of fact, or unreasonable inferences); <u>In re County of Orange</u>,

16

245 B.R. 138, 142 (C.D. Cal. 1997) (court need not accept as true conclusory allegations or legal

17

characterizations).  Furthermore, the court does not need to assume that a plaintiff can prove facts

18

different from those it has alleged.  <u>Associated General Contractors of Calif. v. California State</u>

19

<u>Council of Carpenters</u>, 459 U.S. 519, 526 (1983); <u>Woodruff v. Mueller</u>, 2003 WL 21002882 at *4

20

(N.D. Cal. March 26, 2003).

21

Courts will not accept as true allegations that are contradicted by other allegations.  5A

22

Charles A. Wright & Arthur R. Miller, FED PRACTICE & PROC. § 1363, at 464-65 (2d ed. 1990).

23

While the Federal Rules of Civil Procedure do not usually require that a complaint describe the

24

alleged wrongdoing with particularity, if a plaintiff does plead particulars, "and they show he has no

25

claim, then he is out of luck -- he has pleaded himself out of court."  <u>Thomas v. Farley</u>, 31 F.3d 557,

26

558-59 (7th Cir. 1994).  General allegations which would be sufficient standing alone do not save a

27

pleading where they are at odds with the specific facts voluntarily pled.  <u>Id.</u> at 559 ("He is not saved

28

1   by having pleaded a legal conclusion that if consistent with the facts would establish his right to

2   relief, for he has shown that it is inconsistent with the facts."); <u>Hirsch v. Arthur Andersen & Co.</u>, 72

3   F.3d 1085, 1092 (2nd Cir. 1995) ("General, conclusory allegations need not be credited, however,

4   when they are belied by more specific allegations of the complaint.").

### 2.   Honeywell's Motion To Strike

6   A motion to strike is proper to eliminate inappropriate portions of a cause of action alleged in

7   a complaint.  <u>See, e.g.</u>, <u>Nurse v. U.S.</u>, 226 F.3d 996, 1004-05 (9th Cir. 2000).  The function of a Rule

8   12(f) motion to strike is to avoid the expenditure of time and money that would arise from litigating

9   spurious issues by dispensing with those issues prior to trial.  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d

10   1524, 1527 (9th Cir. 1993), rev'd on other grounds, 519 U.S. 517, 534-35 (1994).  A motion to strike

11   may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of

12   law.  <u>Tapley v. Lockwood Green Eng'rs, Inc.</u>, 502 F.2d 559, 560 (8th Cir. 1974) (per curiam);

13   <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).  As with a motion to dismiss,

14   the court views the pleading in the light most favorable to the pleader, <u>Lazar v. Trans Union LLC</u>,

15   195 F.R.D. 665, 669 (C.D. Cal. 2000), and the grounds for the motion must appear on the face of the

16   pleading or from matters which the court may take judicial notice.  <u>S.E.C. v. Sands</u>, 902 F. Supp.

17   1149, 1165 (C.D. Cal. 1995).

### B.   Aquatron's Lanham Act Claim Should Be Dismissed Because It Is Based On Truthful "Advertising"

20   Aquatron's Second Cause of Action asserts a violation of the Lanham Act.  Complaint at ¶¶

21   18-25.  15 U.S.C. § 1125 of the Lanham Act[2], subsection (a), provides for civil actions against:

> (1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -

---

[2]   15 U.S.C. § 1125 is also sometimes referred to as "Lanham Act § 43."

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

Aquatron's complaint is devoid of any allegation that Honeywell is causing confusion as to the origin, sponsorship, or approval of goods, services, or commercial activities.  Complaint, passim.  The Complaint's allegations instead seek to state a claim under subsection (B).  Complaint at ¶¶ 18-25.

To state a § 43 violation of this type, the plaintiff must plead that the defendant: (1) Uses a false or misleading (a) description of fact or (b) representation of fact; (2) in interstate commerce; (3) and in connection with goods or services; (4) in commercial advertising or promotion; (5) when the description or representation misrepresents the nature, qualities, or geographic origin of (a) the defendant's goods, services or commercial activities or (b) the goods, services, or commercial activities of another person; (6) and plaintiff has been or is likely to be damaged by these acts.  4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 27:24 (2001).  See also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 244 (9th Cir. 1990).

Aquatron's Complaint fails the requirement of a "false or misleading" description or representation of fact that misrepresents the nature, qualities or geographic origins of Honeywell's or Aquatron's goods.  Establishing the "false or misleading" element of a § 43 claim, at minimum, requires that the accused statements be either literally or impliedly false.  See Rosco, Inc. v. Mirror Lite Co., 304 F.3d 1373, 1383 (Fed. Cir. 2002) (affirming summary judgment on Lanham Act claim where plaintiff failed to provide sufficient evidence that allegedly disparaging statements were either "clear untruth or implied untruth").  Here, Aquatron's allegations fail to provide that the alleged statements were literally or impliedly false.

According to the Complaint, Honeywell's alleged "advertising" makes four claims of

comparisons between Honeywell's product and Aquatron's Air Pal: "the ultraviolet air purification device manufactured by Honeywell 'far outperforms' Aquatron's product"; "the Honeywell Premium product operates at approximately an 88% efficiency level of killing bacteria and viruses"; "the 'Air Pal' ultraviolet air purification device supposedly only operates at a 40% efficiency level" and; "the Honeywell product offers a 'better cost/performance value' than the Air Pal product." Complaint at ¶ 20.

*Nowhere* does Aquatron allege that Honeywell did not compare its product with an Aquatron Air Pal product. *Nowhere* does Aquatron allege that Honeywell's alleged comparisons claims of its product with the compared Air Pal product are incorrect. *Nowhere* does Aquatron allege that Honeywell's comparison with the Air Pal product lacked support.

To the contrary, in paragraph 21 of its pleading, Aquatron specifically roots its claims on one basic allegation:  Honeywell supposedly did not select a different Aquatron Air Pal product that Aquatron would have chosen to compare.[3]   Aquatron alleges that Honeywell's comparison was supposedly misleading "in that Honeywell misleadingly compared its dual bulb product with the 7 1/2-inch U-shaped bulb Air Pal product rather than with the standard 14 inch dual bulb Air Pal product."  Complaint at ¶ 21.  By using the phrase "in that," Aquatron has specifically alleged what it claims to be the wrongful conduct underlying its allegations.

"Advertising" that reports the accurate results of a product comparison that actually was done, however, is not actionable because it is not alleged to be false -- literally or implicitly. Aquatron's specific allegation *admits* that Honeywell compared its product to an Aquatron Air Pal product.  Aquatron's specific allegation makes *no* contention that alleged Honeywell's comparison and reporting about that comparison was incorrect.  Aquatron's specific allegation makes *no* assertion that Honeywell misidentified the compared Aquatron Air Pal product.  Aquatron's specification allegation makes *no* assertion that Honeywell represented that Aquatron had no other

---

[3]   As previously stated, Honeywell does not admit to any of Aquatron's facts, including its allegations that multiple products existed at the time or that Honeywell disseminated any "advertisement."

product.  The result is Aquatron has very specifically pleaded conduct that fails to support a claim that the alleged "advertisement" of Honeywell was false, literally or implicitly.  Absent falsity, no cause of action exists.[4]

Aquatron cannot simply rely upon general and conclusory allegations that Honeywell's alleged claims were "intentionally, knowingly, and willfully false, malicious, misleading and deceptive" (see Complaint at ¶¶ 21-23) because Aquatron trumped those general allegations by specifically pleading the basis for them in paragraph 21, revealing that it has no cause of action. Those specific allegations in paragraph 21 fail to give rise to a claim.  See 5A Charles A. Wright & Arthur R. Miller, FED PRACTICE & PROC. § 1363, at 464-65 (2d ed. 1990); Thomas, 31 F.3d at 558-59 (if plaintiff pleads particulars and they show he has no claim he has pleaded himself out of court; plaintiff not saved by pleading a legal conclusion that if consistent with the facts would establish his right to relief, for he has shown that it is inconsistent with the facts); Hirsch, 72 F.3d at 1092 ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint.").  The complaint alleges that Aquatron prefers that a different product had been compared, but makes no allegation of any falsity.  Under these circumstances, the Court should dismiss Aquatron's Lanham Act claim.

C.    **The Court Should Dismiss Aquatron's State Law Claims Because They Are Based On Truthful "Advertising"**

For the same reason that the Court should dismiss Aquatron's Lanham Act claim, the Court should also dismiss Aquatron's state law claims, all of which were expressly based on the same underlying conduct specifically pleaded in paragraph 21.  Each of Aquatron's state law claims

---

[4]    In addition to failing to allege falsity, literally or implicity, Aquatron has further failed to plead an implicitly false advertising claim because it has failed to allege actual or likely consumer confusion arising from this comparison.  A plaintiff cannot prevail on an "impliedly false" claim without demonstrating likelihood of consumer confusion.  See Pfizer, Inc. v. Miles, Inc., 868 F. Supp. 437, 442 (D. Conn. 1994) ("plaintiff must demonstrate, by a preponderance of the evidence, that defendant's [literally true] representations are likely to confuse consumers"); Am. Express Travel Related Servs. Co., Inc. v. MasterCard Int'l Inc., 776 F. Supp. 787, 792 (S.D.N.Y. 1991) (plaintiff cannot prevail on a theory of implicit falsity without introducing consumer reaction survey).

1  incorporate and are premised on that same specific allegation from its Lanham Act claim.

2  Complaint at ¶¶ 26, 32, 40, 47, 51, 55.  That specific allegation fails to support any allegation that

3  the "advertising" was false.  See Complaint at ¶ 21.  The alleged distribution of "advertising"

4  accurately reporting a product comparison cannot give rise to trade libel, tortious interference, unfair

5  competition, or form the basis of a Sherman Food, Drug and Cosmetic Act violation.

6
7
         **1.**        **The Court Should Dismiss The Trade Libel Claim Because It Relies Upon The Same Specific, Non-Actionable Conduct That Underlies The Lanham Act Claim**

8        Aquatron premises its trade libel claim on the same conduct that underlies its Lanham Act

9  claim.  See Complaint ¶¶ 26-27.  Trade libel is defined as "an intentional disparagement of the

10  quality of property which results in pecuniary damage."  Microtec Research, Inc. v. Nationwide

11  Mutual Ins. Co., 40 F.3d 968, 972 (9th Cir. 1994).  The elements of a trade libel claim are that (1)

12  defendant published false statements concerning the quality of plaintiff's product; (2) the statements

13  induced others not to deal with plaintiff; and (3) special damages.  Vondran v. McLinn, 1995 WL

14  415153 *5 (N.D. Cal. July 5, 1995) (citing Aetna Cas. & Surety Co. v. Centennial Ins. Co., 838 F.2d

15  3346, 351 (9th Cir. 1988)).

16        Trade libel and product disparagement are "injurious *falsehoods*" that interfere with business.

17  Aetna, 838 F.2d at 351 (emphasis added).  If the words uttered are not false, or if there is no malice,

18  then there is no right of action.  Erlich v. Etner, 224 Cal. App. 2d 69, 74 (2nd Dist. 1964).  For the

19  same reasons stated above with respect to Aquatron's Lanham Act claim, Aquatron fails to allege the

20  falsity of any claim it attributes to Honeywell's "advertising materials."  Accordingly, this cause of

21  action should be dismissed.

22
23
         **2.**        **The Court Should Dismiss The Tortious Interference Claims Because They Rely Upon The Same Specific, Non-Actionable Conduct That Underlies The Lanham Act Claim**

24        Aquatron bases both of its intentional interference causes of action on the same alleged

25  distribution of "the Honeywell publication" specifically alleged in Aquatron's Lanham Act cause of

26  action.  For Aquatron's interference with business relations claim, paragraph 32, incorporates and re-

27  alleges the specific Lanham Act allegation in paragraph 21 that trumped Aquatron's general

28

allegations.  Similarly, paragraph 40 of the interference with prospective economic advantage incorporates by reference the earlier paragraphs.  Both claims rely upon the alleged dissemination of the same "advertising materials" that were referenced in the Lanham Act claim.  See ¶¶ 33-34; 41-43.

Intentional interference is a cause of action whose viability is dependant upon other claims. Where the alleged "wrongful conduct" is an injurious falsehood (i.e., defamation or trade libel), the truth of the allegedly disparaging statement is a complete defense to both the trade libel claim and the tortious interference claim.  In re Circuit Breaker Litigation, 984 F. Supp. 1267, 1283 (C.D. Cal. 1997) (noting that where the basis for an intentional interference allegation is the injurious falsehood of a statement, no such claim exists if the statement is true) (citation omitted).  It is not tortious interference with contract to allegedly distribute truthful information.  See Savage v. Pacific Gas & Elec. Co., 21 Cal. App. 4th 434, 449-50 (1st Dist. 1993) ("A person cannot incur liability for interfering with contractual or economic relations by giving truthful information to a third party.") (citations omitted).  The interference causes of action should be dismissed.

> **3.     The Court Should Dismiss The Sherman Food, Drug And Cosmetics Act Claim Because It Relies Upon The Same Specific, Non-Actionable Conduct That Underlies The Lanham Act Claim**

Aquatron's Sherman Food, Drug and Cosmetic Act claim also requires that the "advertisement" be false.  Section 110390 states in its entirety: "It is unlawful for any person to disseminate any false advertisement of any food, drug, device or cosmetic.  An advertisement is false if it is false or misleading in any particular."  Cal. Health & Saf. Code § 110390; see also Committee On Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 211 (1983) (advertising scheme involving false, unfair, misleading or deceptive advertising violates statute).  As noted above, Aquatron fails to allege that alleged "advertisement" is false.  To the contrary, Aquatron's specific allegation reveals that the sole basis for Aquatron's claims is that Honeywell compared its product with an Air Pal product, without misidentifying the compared products or reporting inaccurate results.  Aquatron's general allegations cannot avoid the specific basis it pleaded for its claims.  Complaint ¶ 20-21.  See Thomas, 31 F.3d at 558-59 (general allegations which would be

1    sufficient standing alone do not save a pleading where they are at odds with the specific facts

2    voluntarily pled); Hirsch, 72 F.3d at 1092 ("General, conclusory allegations need not be credited,

3    however, when they are belied by more specific allegations of the complaint.").

**4.    The Court Should Dismiss The Unfair Competition Law Claims Because They Rely Upon The Same Specific, Non-Actionable Conduct That Underlies All Other Claims**

6         Aquatron also alleges causes of action for violation of California's unfair competition law

7    ("UCL"), Business & Professions Code § 17200 et seq. and 17500 et seq.  Both causes of action re-

8    allege Aquatron's same specific allegations about comparison of the Air Pal product to the

9    Honeywell product.  See Complaint at ¶¶ 47, 51.  While both causes of action go on to provide

10   blanket general allegations that Honeywell's "advertisements" are "false and misleading"

11   (Complaint at ¶¶ 48 and 52), those general allegations rely upon and are trumped by the specific

12   allegation that Aquatron previously pled and expressly incorporated as the underlying basis for these

13   causes of action.  Thomas, 31 F.3d at 558-59 (general allegations which would be sufficient standing

14   alone do not save a pleading where they are at odds with the specific facts voluntarily pled); Hirsch,

15   72 F.3d at 1092 ("General, conclusory allegations need not be credited, however, when they are

16   belied by more specific allegations of the complaint.").  There is nothing false or deceiving with

17   "advertising" that reports an accurate product comparison that was actually performed.  See ¶¶ 20-

18   21.

19         Accordingly, Aquatron's 17500 claim should be dismissed.  A 17500 false advertising claim,

20   like a Lanham Act claim, requires advertising that is likely to deceive the public.  See People v.

21   Orange County Charitable Services, 73 Cal. App. 4th 1054, 1076 (4th Dist. 1999).  Aquatron's

22   complaint cannot support such an allegation.[5]  Aquatron's very specific allegations in paragraphs 20-

23   _____
     [5]   See Complaint at ¶ 52 (stating that public has been "harmed," and accusing Honeywell of
24        disseminating "misleading advertisements," but failing to allege that the public is likely to be
         deceived by the advertisements).  As discussed above, Aquatron's blanket allegation that the
25        advertisements are "misleading" fails in light of the specific facts alleged by Aquatron.
         Aquatron does not challenge the efficacy and cost information alleged to be in the accused
26        "advertising " materials, and does not allege that the compared product was misidentified in the
         accused materials.
27

28

1   21, incorporated by reference to provide the basis for the 17500 claim at ¶ 51, fail to support a

2   deceptive advertising claim.  Aquatron's specific allegation **admits** that Honeywell compared its

3   product to an Air Pal product, makes **no** contention that the alleged Honeywell's comparison and

4   reporting was incorrect, makes **no** assertion that Honeywell's "advertising" misidentified the

5   compared Aquatron Air Pal product, and makes **no** assertion that Honeywell's advertising indicated

6   that Aquatron had no other product.  Aquatron has very specifically pleaded conduct that fails to

7   support a claim that the alleged "advertising" was deceptive.

8        Finally, Aquatron's 17200 claim should be dismissed for lacking any underlying wrong on

9   which it is based.  Unfair competition for purposes of the statute is broadly defined to include

10  anything that can be properly called a business practice "and that at the same time is forbidden by

11  law." People v. McKale, 25 Cal. 3d 626, 632 (1979); Daly v. Viacom, Inc., 238 F. Supp. 2d 1118,

12  1126 (N.D. Cal. 2002).  There is nothing forbidden by law about truthful comparisons of

13  Honeywell's product with an Aquatron Air Pal product.  Because it is proper for the Court to dismiss

14  Aquatron's Lanham Act claim and its other state law causes of action, there is no underlying wrong

15  on which to premise its 17200 claim, and it is proper to dismiss Aquatron's false advertising claim

16  under 17200.  See Daly, 238 F. Supp. 2d at 1126 (dismissing unfair competition cause of action,

17  based on same facts in other causes of action, where plaintiff failed to plead sufficient facts

18  establishing unlawful conduct under those other causes of action); Summit Technology, Inc. v. High-

19  Line Medical Instruments Co., Inc., 922 F.Supp. 299, 316 (C.D. Cal. 1996) (dismissing unfair

20  competition cause of action based on Lanham Act, Sherman Food, Drug & Cosmetic Act, and

21  copyright claims once those claims dismissed).  Further, the alleged comparison, in the face of

22  Aquatron's specific allegations, fails to allege a 17200 claim because it provides no basis for

23  supporting a claim of likelihood of deceiving the public.  See Day v. AT&T Corp., 63 Cal. App. 4th

24  325, 332 (1st Dist. 1998); Baymiller v. Guarantee Mut. Life Co., 2000 WL 33774562 at *5 (C.D.

25  Cal. Aug. 3, 2000) (dismissing claim where members of public not likely to be deceived).

26

27

28

5.     **Alternatively, With Aquatron's Lanham Act Claim Dismissed, The Court May Decline Supplemental Jurisdiction**

Alternatively, if the Court dismisses the Lanham Act claim, Aquatron's state law causes of action 3 through 8 may be dismissed because they are predicated on supplemental jurisdiction under 28 U.S.C. § 1367(a).  Complaint at ¶ 1.  Without Aquatron's Lanham Act cause of action, the basis for supplemental jurisdiction over the state law claims vanishes.

Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997).  Supplemental jurisdiction under 28 U.S.C. § 1367 requires that the state and federal claims arise from "a common nucleus of operative facts" such that a plaintiff would ordinarily be expected to try them all in a single proceeding.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).   The court may decline to exercise supplemental jurisdiction over state law claims depending on a host of factors, including the circumstances of the case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims.  City of Chicago, 522 U.S. at 173.

Aquatron's state law claims regarding Honeywell's alleged advertising materials do not share a common nucleus of operative facts with its one claim for infringement of the '130 patent.  The facts that are relevant to a resolution of Aquatron's claim that Honeywell infringes the '130 patent are separate and distinct from the facts that bear on Aquatron's state law claims.  The patent infringement count and the state law counts predicated on the accused "advertising materials" are legally distinct.  For these reasons, supplemental jurisdiction should be declined.  Semi-Tech Litigation LLC v. Bankers Trust Co., 234 F. Supp. 2d 297, 300-01 (S.D.N.Y. 2002) (no supplemental jurisdiction where resolution of state claims involve factual issues irrelevant or virtually so to plaintiff's federal claim); Salei v. Boardwark Regency Corp., 913 F. Supp. 993, 999 (E.D. Mich. 1996) (no supplemental jurisdiction where two distinct sets of operative facts surround plaintiff's state and federal claims).  Given that the case has just begun, no considerations of judicial economy, convenience or fairness to the parties weighs in favor of the court's exercise of supplemental jurisdiction over the state law claims, if the Court dismisses the Lanham Act claim.

**D.    Additional Reasons Why Aquatron's Third, Fourth And Eighth State Law Causes Of Action Should Be Dismissed**

In addition to the common basis for dismissal noted above, additional reasons compel dismissal of the trade libel, interference with business relationships and Sherman Act causes of action for their failure to state a claim.

**1.    Aquatron's Trade Libel Claim Should Be Dismissed For Failing To Plead Special Damages As Required**

Aquatron's trade libel cause of action should be dismissed for failing to allege the "special damages" element of a trade libel claim, let alone with the particularity required.  Trade libel is defined as "an intentional disparagement of the quality of property which results in pecuniary damage." Microtec Research, 40 F.3d at 972.  The elements of a trade libel claim are that (1) defendant published false statements concerning the quality of plaintiff's product; (2) the statements induced others not to deal with plaintiff; (3) special damages.  Vondran, 1995 WL 415153 at *5. There can be no recovery on a trade libel claim unless some special pecuniary damage has resulted from the alleged libel. Erlich, 224 Cal. App. 2d at 74 ("not enough to show a general decline in his business resulting from the falsehood, even where no other cause for it is apparent…plaintiff must identify the particular purchasers who have refrained from dealing with him, and specify the transactions of which he claims to have been deprived").  See also Fed. R. Civ. P. 9(g) (items of special damages claimed must be specifically stated).

Aquatron's Complaint merely alleges that "the claims made by Honeywell are likely to cause actual and irreparable harm and injury" and that Aquatron "has suffered damage to its reputation and its ability to make sales, and Honeywell has made profits, in an amount yet to be ascertained." Complaint at ¶¶ 29-30.  This is insufficient to satisfy the required pleading of special damages, let alone with particularity.  The trade libel claim should be dismissed.

2.     **Aquatron's Intentional Interference With Business Relations Claim Should Be Dismissed For Failing To Allege Any Contract, Let Alone *Actual* Breach**

By virtue of its own pleading, Aquatron ***admits*** that it is not aware of and has not alleged any supposed "business" relation that was lost due to Honeywell's alleged "advertisement." The best Aquatron can allege is that "on information and belief" Honywell "***likely did cause***" some sort of disruption to relations that are not even alleged to be contracts. Both these deficiencies provide that Aquatron fails to state a claim.

The elements which a plaintiff must plead to state a cause of action for intentional interference with contractual relations are (1) a valid ***contract*** between plaintiff and a third party; (2) defendant's knowledge of this ***contract***; (3) defendant's intentional acts designed to induce a breach or disruption of the ***contractual relationship***; (4) ***actual*** breach or disruption of the contractual relationship; and (5) resulting damage. Pacific Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990); Plessinger v. Castleman and Haskell, 838 F. Supp. 448, 450 (N.D. Cal. 1993).

Aquatron's interference with business relationships claim fails to allege any ***contract***, let alone ***actual*** breach. Aquatron merely alleges, on information and belief, that Honeywell's alleged actions "***likely did***" cause third parties to breach or abandon "***business relations***" with Aquatron. Complaint at ¶¶ 36-37. Because Aquatron makes ***no*** assertion of any ***actual*** breach of a ***contract***, its claim fails.

3.     **The Court Should Dismiss The Sherman Act Claim Because The Statute Provides No Private Right Of Action And Does Not Govern Statements About Another's Product**

Aquatron's final cause of action alleges a private cause of action for violation of the Sherman Food, Drug & Cosmetic Act, Cal. Health & Safety Code § 110390. Complaint at ¶¶ 55-60. However, the asserted section of the Act does not expressly provide a private cause of action. See Committee On Children's Television, 35 Cal. 3d at 210.[6] No California court has ever held that a

---

[6]   Section 110390 states in its entirety: "It is unlawful for any person to disseminate any false advertisement of any food, drug, device or cosmetic. An advertisement is false if it is false or misleading in any particular."

private right of action can be implied in the statute.[7]  Conversely, a California district court has

expressly held that no private right of action can be implied under California's Sherman Food, Drug

& Cosmetic Act.  Summit Technology, 922 F. Supp. at 317; see also Little v. Depuy Motech, Inc.,

2000 WL 1519962, *9 (S.D. Cal. June 13, 2000); Cox v. Depuy Motech, Inc., 2000 WL 1160486, *8

(S.D. Cal. Mar 29, 2000).  Federal courts have also refused to permit a private right of action under

the analogous federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq.  See Pacific Trading

Co. v. Wilson & Co., Inc., 547 F.2d 367, 370 (7th Cir. 1976) (federal Food, Drug and Cosmetic Act

cause of action dismissed for failure to state a claim); Ginochio v. Surgikos, Inc., 864 F.Supp. 948,

956 (N.D. Cal. 1994) (no standing for private party to assert cause of action); Cross v. Board of

Sup'rs of San Mateo County, 326 F.Supp. 634, 638 (N.D. Cal. 1968) (same).  Furthermore, the

remedy provisions of this Act provide only for criminal actions, or cases instituted by the State

Department of Health Services, the California Attorney General, or county district attorneys to

collect fines on behalf of the government.  California Health & Safety Code §§ 109910, 111825,

111855 and 111915.  There is no provision for enforcement by private causes of action.

        In addition, there is no authority for Aquatron's attempt to expend California's Food, Drug

and Cosmetic Act to cover statements about devices of another.  The Act regulates what a company

says about its own devices.[8]  Aquatron relies on the same allegations regarding Honeywell's

---

[7]   One intermediate court of appeals decision in California, decided prior to the California Supreme
Court's Committee On Children's Television case, allowed six individuals to maintain a private
suit seeking injunctive relief only, but did not address the issue whether a private right of action
could be implied under the Act.  Kievlan v. Dahlberg Electronics, Inc., 78 Cal. App. 3d 951 (1st
Dist. 1978).  A case is not authority for a proposition not therein considered.  See In re GVF
Cannery, Inc., 202 B.R. 140, 144 n.2 (N.D. Cal. 1996).  The California Supreme Court in
Committee on Children's Television squarely stated that the Kievlan decision did determine that
an implied private action exists under the Act.  See 35 Cal. 3d at 210 n.9.  Furthermore, the
injunction in Kievlan was sought under a specific statute within the Food, Drug and Cosmetic
Act not at issue here.  78 Cal. App. 3d at 955 (referring to Cal. Health & Safety Code §
26463(m)).

[8]   Honeywell does not concede that its products or Aquatron's products are "devices" within the
meaning of the statute.  Honeywell does not admit any of the facts alleged in Aquatron's
complaint.

1   supposed "advertising materials" that formed the basis of its defective Lanham Act claim.

2   Complaint at ¶ 55.  Aquatron's Food, Drug and Cosmetic Act cause of action is based on

3   Honeywell's "advertising about the efficiency and performance *of competing* air purification

4   devices."  Complaint at ¶ 57 (emphasis added).  No California court has applied the Food, Drug and

5   Cosmetic Act to one company's assertions about another company's product.  See, e.g., Downing v.

6   California State Bd. Of Pharmacy, 85 Cal. App. 2d 30, 32 (1st Dist. 1948) (underlying prosecution

7   over false advertisement of defendant's drug alleged to be curative of pathological conditions);

8   Morris v. Municipal Court of City and County of San Francisco, 110 Cal. App. 2d 269, 271 (1st

9   Dist. 1952) (defendant's claims regarding effect of its drug on stomach ulcers); Kievlan v. Dahlberg

10  Electronics, Inc., 78 Cal. App. 3d 951 (1st Dist. 1978) (defendant's claims regarding the effect of its

11  hearing aids on hearing loss).  Accordingly, the Court should dismiss the Sherman Act cause of

12  action.

### E.   The Court Should Strike Improper Claims For Restitution And Damages

#### 1.   The Court Should Strike Restitution Claims That Aquatron Pleaded Under Its Unfair Competition Claims

16       If the Court does not dismiss Aquatron's unfair competition law ("UCL") causes of action,

17  the Court should strike Aquatron's claims for restitution.  Aquatron's Complaint requests "restitution

18  of all monies received by Honeywell" as a result of alleged unfair competition.  Complaint at ¶¶ 50,

19  54.  But, nowhere in Aquatron's Complaint does it allege that it tendered money to Honeywell.

20  Complaint, passim.  Rather, Aquatron's Complaint seeks restitution of monies allegedly given to

21  Honeywell by third parties.

22       A California UCL claim is equitable in nature; damages cannot be recovered.  Bank of the

23  West v. Superior Court, 2 Cal. 4th 1254, 1266 (1992).  Prevailing plaintiffs are limited to injunctive

24  relief and restitution.  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20

25  Cal. 4th 163, 179 (1999).  An order for restitution is one "compelling a UCL defendant to return

26  money obtained through an unfair business practice *to those persons in interest from whom the*

27  *property was taken*, that is, to persons who had an ownership interest in the property."  Kraus v.

28

1   Trinity Management Services, Inc., 23 Cal. 4th 116, 126-27 (2000) (emphasis added).

2         The California Supreme Court recently re-affirmed that the "restitution" available under the

3   UCL is limited to restoration to the plaintiff of funds in which he or she has an ownership interest,

4   and does not include the broader "disgorgement" sought by Aquatron in its Complaint.  Korea

5   Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1145 (2003); see also id. at 1148 ("[t]his

6   court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL").

7         Accordingly, as a matter of law, Aquatron cannot obtain "restitution" from Honeywell for

8   these claims.  Aquatron makes no allegation that Honeywell obtained money from Aquatron.  Id. at

9   1148 ("[u]nder the UCL, an individual may recover profits unfairly obtained *to the extent that these*

10  *profits represent monies given to the defendant or benefits in which the plaintiff has an ownership*

11  *interest*") (emphasis added).  Aquatron's continued assertion of its requests for restitution under

12  these circumstances prejudices Honeywell by requiring it to defend against claims for liability that

13  Aquatron is barred from obtaining.  Paragraphs 50 and 54 should be stricken from Aquatron's

14  Complaint.  Fed. R. Civ. P. 12(f).

15             **2.      The Court Should Strike Damages, Restitution And Punitive Damages**
16                      **Claims That Aquatron Pleaded Under The Sherman Act**

17        Aquatron's damages claims under the Sherman Act are improper and without foundation in

18  law.  Aquatron seeks damages, restitution and $10,000,000 in punitive damages.  Complaint at ¶¶

19  59-60.  California Health & Safety Code §§ 111825, 111855 and 111915 set forth the remedies for

20  violation of the Food, Drug & Cosmetic Act.  Section 111825 provides for criminal penalties when

21  the Act is violated, with a maximum penalty of a year in county jail, a $10,000 fine, or both.

22  California Health & Safety Code §§ 111825.[9]  Section 111915 provides for civil penalties, but only

23  in cases instituted by the California Attorney General, or county district attorneys.  Cal. Health &

24  Safety Code § 111915.  Damages paid as a civil penalty are paid exclusively to the State of

25  ────────────────────────

26  [9]     In the case of criminal penalties, one-half of all fines collected by any court or judge for any
        violation shall be paid into the State Treasury to the credit of the General Fund.  Cal. Health &
27      Safety Code § 111835.

28

1  California and the county in which the action is brought.  Id.  The Act's only other provision for civil

2  remedies are in complaints issued by the State Department of Health Services.  Cal. Health & Safety

3  Code §§ 109910, 111855.

4        No provision in the statute provides for Aquatron to collect damages for this claim.

5  Aquatron's continued assertion of these remedies prejudices Honeywell by requiring it to defend

6  against claims for relief that Aquatron has no basis in law for obtaining.  Paragraphs 59 and 60

7  should be stricken.  Fed. R. Civ. P. 12(f).

8  **V.**   **CONCLUSION**

9        For the foregoing reasons, Honeywell respectfully asks the Court to enter its Proposed Order

10  dismissing Causes of Action 2 through 8 from Aquatron's First Amended Complaint for failure to

11  state a claim upon which relief can be granted.  Alternatively, with the Lanham Act claim dismissed,

12  the Court may decline to assert supplemental jurisdiction over Causes of Action 3 through 8 and

13  dismiss them from Aquatron's First Amended Complaint on that basis.  If the Court declines to

14  dismiss Aquatron's Unfair Competition Law and Sherman Act causes of action, for the reasons

15  stated above, Honeywell respectfully requests that the Court enter an Order striking the improper

16  claims to restitution and damages.

17  Dated:  July 18, 2003                Respectfully submitted,

18                                      KIRKLAND & ELLIS LLP

19

20                                       s/Eric R. Lamison

21                             By: _____

22                                 Eric R. Lamison
                                   Attorneys for Defendant
                                   HONEYWELL INTERNATIONAL INC.

23

24

25

26

27

28